## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JAMES RICHARD LEASE,

    Plaintiff,

    v.

DAN LASHER, et al.,

    Defendants.

Civil Action No.:  SAG-23-2724

## MEMORANDUM

Self-represented Plaintiff James Richard Lease, an inmate presently incarcerated at Maryland Correctional Training Center in Hagerstown, Maryland, filed this civil action against Warden Dan Lasher and Sheriff Craig Robertson, who are employed at the Allegany County Detention Center ("ACDC").  ECF No. 6.  On June 21, 2024, Defendants, through counsel, filed a Motion to Dismiss or in the Alternative for Summary Judgment.  ECF No. 12.  Lease was informed by the Court, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that his failure to file a response in opposition to Defendant's Motion could result in dismissal of the Complaint. ECF No. 14.  To date, Lease has not filed a response.  A hearing is not necessary.  *See* Local Rule 105.6 (D. Md. 2023).  For the reasons explained below, the Court will grant Defendants' Motion.

### I.  Background

Lease, who filed this case while incarcerated at ACDC, alleges that Defendants denied him all religious medallions so that he could not perform his daily prayers properly.  ECF No. 6 at 3. Lease asserts that Defendants do not care about inmates' rights inside ACDC.  *Id.*  Lease seeks monetary damages or to be allowed his religious medallions.  *Id.* at 4.

Pursuant to ACDC Regulation #.05-J inmates may submit grievances to address their complaints to the ACDC administration.  ECF No. 12-5 at 1.  If an issue cannot be resolved informally, inmates may submit a written grievance describing the circumstances; including the relevant names, dates, and times; and stating the remedy they seek.  *Id.*  The Inmate Affairs Officer must assign each grievance a number and log it.  *Id.*  Grievances are answered in writing within 10 working days from receipt.  *Id.* at 2.  Inmates unsatisfied with the response to a complaint may file an appeal to ACDC administration.  *Id.*  Within 14 days, the inmate will be provided a response to the grievance appeal or informed that an investigation is pending which will exceed 14 days. *Id.*  If still unsatisfied with the first appeal response, inmates may submit a final appeal to the Sheriff who will respond within 14 days of receipt.  *Id.*  This is the final level of review for an inmate grievance.  *Id.*

Defendant Daniel Lasher attests that while incarcerated at ACDC, Lease filed six General Requests and one inmate grievance through the above-described process.  ECF No. 12-2 at ¶ 5. Lasher avers that none of these filings concerned religious practice.  *Id.* at ¶ 6; *see* ECF No. 12-4. Lease was transferred from ACDC to the Maryland Division of Corrections on December 18, 2023, after this case was filed.  ECF No. 12-2 at ¶ 3.

## II.    Standard of Review

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  The court may "consider documents attached to the complaint, *see* Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and

authentic[.]" *Sec'y of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citation omitted). "To satisfy this standard, [Lease] need not 'forecast' evidence sufficient to prove the elements of the claim.  However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

The Court is mindful that Lease is a self-represented litigant.  A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  But liberal construction does not mean a court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *See Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990).

## III.    Discussion

Defendants raise the affirmative defense that Lease failed to exhaust his administrative remedies.  ECF No. 12-1 at 2-3.  The Prisoner Litigation Reform Act ("PLRA") provides, in pertinent part:  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  42 U.S.C. § 1997e(h).  The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003), *aff'd*, 98 F. App'x 253 (4th Cir. 2004).

The doctrine governing exhaustion of administrative remedies has been well established through administrative law jurisprudence.  It provides that a plaintiff is not entitled to judicial relief until the prescribed administrative remedies have been exhausted.  *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006).  Therefore, a claim that has not been exhausted may not be considered by this Court.  *See Jones v. Bock*, 549 U.S. 199, 220 (2007).  In other words, exhaustion is mandatory, and a court ordinarily may not excuse a failure to exhaust.  *See Ross v. Blake*, 578 U.S. 632, 639 (2016) (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining that "[t]he mandatory 'shall'… normally creates an obligation impervious to judicial discretion") (alteration in original)).

However, administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants.  *See Bock*, 549 U.S. at 215–216; *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 682 (4th Cir. 2005).

Ordinarily, an inmate must follow the required procedural steps in order to exhaust his administrative remedies.  *Moore v. Bennette*, 517 F.3d 717, 725, 729 (4th Cir. 2008); *see Langford v. Couch*, 50 F. Supp. 2d 544, 548 (E.D. Va. 1999) ("The … PLRA amendment made clear that exhaustion is now mandatory.").  Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines …."  *Woodford*, 548 U.S. at 88.  This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'"  *Id.* at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).  But, the Court is "obligated to ensure that any defects in [administrative] exhaustion were not procured from the action or inaction of prison officials."  *Aquilar-Avellaveda*

4

*v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) (finding that "the inmate cannot be required to exhaust [administrative remedies] … when prison officials prevent inmates from using the administrative process").

The undisputed record shows that Lease did not file a grievance concerning his religious medallions while housed at ACDC.  Having not pursued the administrative remedies available at ACDC, Lease has failed to exhaust his administrative remedies and therefore the Complaint must be dismissed without prejudice.

**IV.     Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss or in the Alternative for Summary Judgment is granted.[1]  The Complaint will be dismissed without prejudice for failure to exhaust administrative remedies.  A separate Order shall issue.

September 13, 2024_                          _____/s/_____
Date                                        Stephanie A. Gallagher
                                            United States District Judge

---

[1] Because Lease's claims are unexhausted, the Court need not address Defendants' remaining arguments.